John D. Bennett, J.
In connection with the audit of the *808 account and the proposed decree submitted by the executor for its judicial settlement, a question has arisen concerning the provision of the decree providing for the payment to the mother and natural guardian of the infant respondents jointly with an officer of the bank of five savings accounts which decedent established for her four infant grandchildren all of whom are under the age of 14 years and reside in Pennsylvania with their mother and stepfather. The accounts are now in the name of petitioner as trustee under decedent’s will with each grandchild being entitled to a sum in excess of $5,000.
The court is in receipt of a photocopy of a decree dated October 24, 1975 from the Court of Common Pleas of Chester County, Pennsylvania, Orphan’s Court Division, which authorizes the mother and natural guardian of the infants to receive the moneys due them from the decedent’s estate pursuant to the provisions of sections 5101 and 5102 of title 20 of Pennsylvania Statutes. Examination of section 5101 indicates that the parent as natural guardian of an infant is permitted to receive the share or interest of an infant of $10,000 or less without the appointment of a guardian or posting of security. The parent or custodian is authorized by section 5102 to execute the necessary receipt and release to carry out the provisions of the statute.
In the case of an infant residing in New York, SCPA 2220 (subd 1) limits the payment to the parent or custodian of an infant beneficiary’s share to $1,000. If the infant’s interest is in excess of $1,000, it is the practice of the court to pay the funds to the legally appointed guardian jointly with a bank, thereby avoiding the necessity of a bond. Nevertheless, this court has the authority to pay the funds of a nonresident infant in accordance with the law of the foreign State. However, before the payments can be made to the infants’ mother and natural guardian in accordance with Pennsylvania law, the court must determine the legal status of the infants’ accounts.
Decedent died on June 20, 1973 leaving as her sole surviving distributees four infant grandchildren, the issue of a predeceased son. Her will, dated December 1, 1969, was admitted to probate on October 20, 1973 and letters testamentary and trusteeship issued to the petitioner herein. Testatrix’s will divided her residuary estate into four equal trusts, one for each of her grandchildren, who are the sole beneficiaries named in the will. The trustee is directed to pay the income *809 and so much of the principal as he sees fit for the support and education of each beneficiary until age 21 when the trust is to terminate and the principal and accumulated income paid to the beneficiary. The petition for the judicial settlement of the account herein requested a determination as to whether the five savings bank accounts standing in the name of the decedent as custodian for her four grandchildren under the New York Uniform Gifts to Minors Act were testamentary assets to be included in the corpus of the trusts established by the decedent’s will for her grandchildren. Following decedent’s death, petitioner in some unexplained manner took possession of the five bank accounts and caused the bank to change the title to read "Hugh L. Willcox Trustee U/W Mary H. Miller, Dec’d.”
The guardian ad litem for the infant respondents in his report dated November 25, 1974 objected to petitioner’s inclusion of the five bank accounts in schedule A of the account. In his report the guardian stated that he spoke to an employee of the bank who helped decedent establish the accounts on March 31, 1970 in decedent’s name in trust for each grandchild. This resulted in the creation of Totten trusts for the benefit of each grandchild (Matter of Totten, 179 NY 112). The same employee informed the guardian ad litem that decedent on May 17, 1972 told the employee that she did not wish her daughter-in-law, the mother of the infants, to have any control over the moneys she was leaving to her grandchildren. Following this discussion, the employee used a rubber stamp to impress on each of the five signature cards which established the Totten trusts for her grandchildren, so as to read as follows: "Mary H. Miller as custodian for [infant’s name] under New York Uniform Gifts to Minors Act.”
A stipulation of settlement was made on July 30, 1975 by petitioner’s attorney and the guardian ad litem whereby the guardian’s objections to the inclusion in the account of the five bank accounts as testamentary assets were withdrawn and the account amended to exclude the accounts as Totten trusts for the benefit of the infants which passed to them by operation of law. The court’s approval of the stipulation of settlement was not sought by either the guardian ad litem or the petitioner.
After a careful review of all of the papers filed in connection with this accounting, particularly the guardian ad litem’s report to which there are annexed photocopies of the bank *810 signature cards, the court is of the opinion that on May 17, 1972 decedent made a gift to her grandchildren in accordance with the provisions of the Uniform Gifts to Minors Act (EPTL 7-4.1, subd [a], par [3]) of the Totten trusts previously established by her for their benefit.
| A gift to a minor of a bank account under the New York | Uniform Gifts to Minors Act (EPTL 7-4.1, subd [a], par [4]) has (a markedly different legal effect from the creation of a Totten trust. The gift is irrevocable and conveys all of the donor’s rights to the infant with no rights in the infant’s guardian except as provided by the act (EPTL 7-4.2). The duties of the custodian with respect to the gift are set forth in EPTL 7-4.3. A successor custodian may be appointed in the event of the resignation, death or incapacity of the custodian (EPTL 7-4.6). The custodian may be required to account for his acts (EPTL 7-4.7). Lastly, the minor becomes entitled to all of the funds held by the custodian upon attaining age 21 (EPTL 7-4.3, subd [d]X
The creation of a Totten trust, on the other hand, is a tentative trust during the grantor’s lifetime. The beneficiary acquires no rights in the bank account until the death of the grantor. The tentative trust may be revoked at any time by the grantor during her lifetime or by express language in her will. During the grantor’s lifetime the income from the Totten trust belongs to the grantor and is properly reportable by her on her own income tax returns. There is no duty upon the grantor to account to the beneficiary. Where the creator of a Totten trust dies without revoking the trust during her lifetime, the gift becomes complete with the beneficiary entitled to the proceeds upon attaining majority, age 18. Majority in the case of a gift under the Uniform Gifts to Minors Act is age 21. It should be noted that a Totten trust can be created for either a minor or an adult whereas a gift under the New York Uniform Gifts to Minors Act can only be made for a minor. (See Memorandum of Law Revision Commission, NY Legis Doc, 1975, No. 65(B); McKinney’s Session Laws of New York, 1975, p 1534; Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, 1975-1976 Pocket Part, EPTL art 7, part 5, p 79, in connection with the enactment of part 5 of art 7, eff Sept 1, 1975, codifying the rules concerning Totten trusts.)
Accordingly, the court will entertain the application by the infants’ mother as natural guardian for her appointment as successor custodian pursuant to the provisions of EPTL 7-4.6.