OPINION OF THE COURT
John D. Bennett, J.
This is a motion for summary judgment by a coexecutor to dismiss an objection to the accounting filed by the surviving spouse which raises the question of whether custodial accounts are testamentary substitutes against which she may elect.
EPTL 5-1.1 (subd [b]) sets forth five categories of inter vivos dispositions to be treated as testamentary substitutes for the purpose of election by a surviving spouse. They are: (1.) Gifts causa mortis, (2.) Totten trusts, (3.) Joint bank accounts, (4.) *231 Joint tenancies, and (5.) "Any disposition * * * in trust or otherwise, to the extent that the decedent at the date of his death retained, either alone or in conjunction with another person, by the express provisions of the disposing instrument, a power to revoke such disposition or a power to consume, invade or dispose of the principal thereof.”
While there are specific exemptions to the above list enumerated in EPTL 5-1.1 (subd [b], par [2]) (for example, pension or retirement benefits, life insurance and United States savings bonds) transfers may also be exempted as testamentary substitutes because they are not one of the five specified categories in EPTL 5-1.1 (subd [b]). For instance, since the only type of gift singled out is a gift causa mortis, it can be inferred that all inter vivos gifts are excluded (9A Rohan, NY Civ Prac, par 5-1.1[5]). Professor Rohan adds this comment to his text: "Moreover, the entire approach of the Commission on Estates indicates that the statutory enumeration of transfers (including retained powers) which qualify for testamentary substitute treatment is exhaustive, and not meant to be expanded by judicial decisions so as to reach unspecified (though parallel or analogous) situations.” (9A Rohan, NY Civ Prac, par 5-1.1 [5], p 5-68.)
Although this issue has apparently not been addressed in New York, a similar situation was discussed by the Supreme Court of Pennsylvania. In the Matter of Schwartz (449 Pa 112), the question was whether a corporate bond purchased by the deceased for his son by a former marriage under Pennsylvania’s Uniform Gifts to Minors Act (Pa Cons Stat Ann, tit 20, §§ 5301-5310) was subject to the deceased’s widow’s right of election. The court held that a custodian under the act may exercise his power over the custodial property solely for the benefit of the minor, not for his own benefit, and that a gift made under the act conveyed legal title to the property to the minor. Thus, the sole beneficiary of the irrevocable gift was the donee and no right of election against the custodial property was permitted.
The New York Uniform Gifts to Minors Act (EPTL 7-4.1) similarly provides for an irrevocable gift which conveys all of the donor’s rights to the infant, with only those powers provided for in the act remaining in the infant’s guardian (Matter of Miller, 84 Misc 2d 807). Although the subject of the gift is in the possession and control of the custodian (EPTL 7-4.1, subd [4], par [c]), full ownership vests in the donee. For all *232 of the reasons alluded to, the custodial property is held to be exempt from testamentary substitute classification. There being no issue of fact presented, the motion for summary judgment is granted and the objection of the surviving spouse dismissed.